# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| DEAN WALTZ, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART ASSOCIATES, INC., *et al.*, <br><br> Defendants. | EDCV 21-01538 TJH (RAOx) <br><br> Order <br><br> [JS-6] |

The Court has considered Plaintiff Dean Waltz's motion to remand [dkt. # 14] and Defendant Wal-Mart Associates, Inc.'s ["Wal-Mart"] motion to dismiss [dkt. # 16], together with the moving and opposing papers.

On June 11, 2021, Waltz filed this putative class action in San Bernardino County Superior Court on behalf of all non-exempt Wal-Mart employees who worked at its California distribution centers beginning three or four years – depending on the applicable statute of limitations of each claim – prior to the filing of the complaint.

The following facts are as alleged in the complaint.

From 2020 to 2021, Waltz was a non-exempt employee of Wal-Mart. During the class period, Wal-Mart, allegedly, violated various provisions of the California's

Labor Code, including failure to provide required rest and meal breaks; rounding recorded work time to deprive employees of pay; requiring employees to undergo Covid-19 and security checks while off the clock; providing legally-deficient wage statements; and, failing to reimburse employees for their use of their personal cell phones.

Waltz alleged seven claims: (1) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (2) Failure to pay minimum wages, in violation of Cal. Lab. Code §§ 1194, 1197 and 1197.1; (3) Failure to pay overtime, in violation of Cal. Lab. Code §§ 510, *et seq.*; (4) Failure to provide meal breaks, in violation of Cal. Lab. Code §§ 226.7 & 512; (5) Failure to provide rest breaks, in violation of Cal. Lab. Code §§ 226.7 & 512; (6) Failure to provide accurate wage statements, in violation of Cal. Lab. Code § 226; and (7) Failure to reimburse employees for expenses, in violation of Cal. Lab. Code § 2802.

Waltz alleged that the amount in controversy was less than $5,000,000.00. However, he did not allege the number of employees in the putative class, the number of violations suffered by each employee, or the number of hours or shifts each employee worked each pay period.

On September 9, 2021, Wal-Mart removed pursuant to the Class Action Fairness Act ["CAFA"], 28 U.S.C. § 1332(d). A class action is removable under CAFA where, *inter alia*, the putative class consists of at least 100 members and the amount in controversy exceeds $5,000,000.00 for all claims. 28 U.S.C. § 1332(d). Wal-Mart's notice of removal asserted, *inter alia*, that Waltz's proposed class consists of 26,886 members, and that the amount in controversy was $32,906,176.25 – based on its own damage calculations for five of Waltz's seven claims, plus attorney's fees.

Waltz, now, moves to remand.

Initially, a defendant may rely on the assertions made in its notice of removal to establish subject matter jurisdiction. *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 574 U.S. 81, 88 (2014). However, if the plaintiff attacks the factual basis of

those assertions, the defendant must, then, prove, by a preponderance of the evidence, that the assumptions underlying its assertions were reasonable. *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 701 (9th Cir. 2020).

Wal-Mart's burden, here, is to reasonably estimate its potential maximum exposure, not prove the frequency of the violations that it disputes even occurred. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). Wal-Mart is not, necessarily, required to submit evidence to support its assumptions. *See Harris*, 980 F.3d at 701. Wal-Mart may rely on its assumptions, alone, or, may show their reasonableness with competent evidence. *Harris*, 980 F.3d at 701. If Wal-Mart does not provide competent evidence, it must establish that its assumptions were "founded on the allegations of the complaint." *See Arias*, 936 F.3d at 925. Waltz bears no burden, here, to introduce any evidence. *Harris*, 980 F.3d at 700.

In its notice of removal, Wal-Mart relied on significant assumptions to reach its asserted amount in controversy of $32,906,176.25. It assumed that, between June 11, 2017 and September 3, 2021, there were 26,886 employees who met the putative class criteria, and, that those employees worked 727,760 pay periods.

As to the minimum wage claim, Wal-Mart assumed that all 26,886 putative class members worked one hour without minimum pay for each of the 727,760 pay periods. It later explained, in its opposition brief, that it based its one hour estimate on the assumption that each employee spent two minutes each shift undergoing loss prevention checks, spent two minutes undergoing Covid-19 checks, and lost two minutes due to the alleged rounding practice. Wal-Mart, also, assumed that all 26,886 putative class members worked 30 minutes of uncompensated overtime in each pay period. Finally, with regard to the meal and rest break claims, Wal-Mart assumed that every putative class member missed one meal break and one rest break per pay period.

Wal-Mart's asserted amount in controversy did not account for any variation in the number of shifts or hours that employees actually worked in any given pay period. There were no allegations in the complaint as to whether all of the putative class

members were full time employees. That information, however, is critical. For example, an employee who worked 10 eight hour shifts per two-week pay period would likely have been entitled to overtime pay for all of the alleged violations, and entitled to 10 meal breaks and 20 rest breaks per pay period. Meanwhile, an employee who worked only 10 four hour shifts, totaling 40 hours, per two-week pay period would likely have not been entitled to any overtime pay or meal breaks, and would have been entitled to only 10 rest breaks.

Wal-Mart's assumptions are not supported by any of the factual allegations in the complaint. *See Arias*, 936 F.3d at 927. For example, Waltz's allegation that Wal-Mart has a "uniform practice" of rounding time to its employees' detriment does not support Wal-Mart's assumption that every employee worked 10 eight-hour shifts in every pay period. Nor does Waltz's allegation that Wal-Mart applied unlawful overtime practices to employees "on the whole," or as part of a "policy or practice" support Wal-Mart's assumptions. Notably, the period that Wal-Mart used to limit its assumptions, starting on June 11, 2017, preceded the start of the class period for claims 2 through 7 by a year. Consequently, Wal-Mart must provide competent evidence to show that its assumptions were, indeed, reasonable. *See Harris*, 980 F.3d at 701.

Wal-Mart provided a declaration from Lori Chasteen, its human resource director, in its attempt to establish a factual basis for its assumptions. The declaration referenced, generally, Wal-Mart's personnel records, but that was sufficient to establish that the putative class consists of over 100 members. The declaration, however, failed to provide a reasonable factual basis for Wal-Mart's other assumptions. By way of examples, the declaration failed to set forth the number or length of shifts worked by the putative class members during the relevant time period, or the number of days in Wal-Mart's pay periods. Wal-Mart's opposition brief described the pay periods as "bi-weekly," but argument in a brief is not competent evidence. *See Harris*, 980 F.3d at 701.

Wal-Mart failed to provide competent evidence that established that it was

reasonable for it to assume that all 26,886 putative class members suffered the same number and degree of overtime, minimum wage, and meal and rest break violations. Further, because Wal-Mart's wage statement and attorney's fees calculations were derivative of its calculations regarding the other claims, those calculations suffer the same infirmity.

The Ninth Circuit's decision in *Harris* is directly on point, here. In *Harris*, the defendant failed to provide any evidence to support its assumption that all of the putative class members had worked shifts long enough to qualify them for meal or rest periods. *Harris*, 980 F.3d at 701. Accordingly, the defendant's calculation of the amount in controversy was exaggerated, and could not support CAFA jurisdiction; therefore, remand was proper. *Harris*, 980 F.3d at 701.

In sum, Wal-Mart's assertion of the amount in controversy depends on several unreasonable assumptions which grossly exaggerated its calculation. *See Harris*, 980 F.3d at 699. Therefore, Wal-Mart failed to establish that the Court has subject matter jurisdiction, here, based on CAFA.

Accordingly,

It is Ordered that the motion to remand be, and hereby is, Granted.

It is further Ordered that Wal-Mart's motion to dismiss shall be taken off calendar.

Date: February 17, 2022

Terry J. Hatter, Jr.
Senior United States District Judge